UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 96-3327-CIV-KING

PULSE (People United to Lead the
Struggle for Equality, Inc.),
REV. RICHARD DUNN, REV. VANE
EUBANKS, REV. CHARLES
WEATHERSPOON and RALPH
PACKINGHAM

    Plaintiffs,

vs.

CITY OF MIAMI et al.,

    Defendants.
_____/



## ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Plaintiffs' "Motion for Partial Summary Judgment on Prong One Against City," filed July 21, 1997. The Clerk informs the Court that neither Defendant City of Miami nor any of the several other Defendants has filed a response.

Plaintiffs are seeking summary judgment on the sole issue of whether or not Plaintiffs have demonstrated that the minority group involved in this case, African-americans, is sufficiently large and geographically compact as to constitute a majority in a single-member voting district. Such a demonstration is required if Plaintiffs are to prevail on a claim brought under the Voting Rights Act. Thornburg v. Gingles, 478 U.S. 30, 50 (1986). None of the several Defendants in this case have, through their counsel,

seen fit to respond to Plaintiffs' motion. The Court assumes that by ignoring Plaintiffs' motion, Defendants have implicitly agreed that partial summary judgment is appropriate. Irrespective of Defendants' lack of response, however, the Court will consider the merits of Plaintiffs' motion.

Summary judgment is appropriate only where it is shown that no genuine dispute as to any material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Plaintiffs assert that there remains no genuine issue of material fact as to whether African-americans compose a sufficiently large and geographically compact minority group as to constitute a majority in a single-member district, as required by Gingles, 478 U.S. at 50. In support of their assertion, Plaintiffs offer evidence that City of Miami has adopted a redistricting plan, numbered as Plan 5-5b, which contains a district with an 83.29%

2

black, non-hispanic population and an 80.74% black, non-hispanic voting age population. (Exhs. 1&2). Plaintiffs also offer evidence that City of Miami had experts draw several other redistricting plans containing districts with majority black populations and voting-age populations. (Exh. 3). Plaintiffs also offer evidence that former Commissioner Humberto Hernandez submitted a redistricting plan containing a majority black population and voting age population. (Exh. 4). Defendants have offered no evidence to counter Plaintiffs' assertion.

Evidence showing that blacks would constitute a majority of a single voting district's voting age population "conclusively establishes that blacks are a sufficiently large and geographically compact group . . . to be eligible for relief under the Voting Rights Act." Solomon v. Liberty County, 899 F.2d 1012, 1018 (11th Cir. 1990) (Kravitch, J. specially concurring). Given the extensive evidence presented by Plaintiffs and the lack of evidence from Defendants, the Court concludes that there remains no genuine issue of material fact as to whether African-americans compose a sufficiently large and geographically compact minority group as to constitute a majority in a single-member district.

Accordingly, after a careful review of the record, and the Court being otherwise fully informed, it is

ORDERED and ADJUDGED that Plaintiff's Motion for Partial

3

Summary Judgment be, and the same is hereby, GRANTED.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida, this 15th day of August 1997.

*[signature: James Lawrence King]*

JAMES LAWRENCE KING
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

cc: Donna M. Ballman, Esq.
    Charles Mays, Esq.
    Alan Dimond, Esq.
    Howard Lenard, Esq.
    Mikki Canton, Esq.
    Kendall Coffey, Esq.