UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 96-3327-CIV-KING

PULSE (People United to Lead the
Struggle for Equality, Inc.),
REV. RICHARD DUNN, REV. VANE
EUBANKS, REV. CHARLES
WEATHERSPOON and RALPH
PACKINGHAM

    Plaintiffs,

vs.

CITY OF MIAMI et al.,

    Defendants.
_____/



FILED by VK D.C.
NOV 0 3 1997
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Plaintiffs' "Motion for Partial Summary Judgment on Prong Two and Zimmer Factors Against City," filed September 15, 1997. On October 7, 1997, Defendant City of Miami asked for an extension through October 22, 1997 to file a response. The Clerk informs the Court that no response has been filed.

Plaintiffs are seeking summary judgment on two issues: (1) that the minority group involved in this case, African-Americans, is politically cohesive; and (2) that the minority group satisfies the "totality of circumstances" test. Both conditions must be established if Plaintiffs are to prevail on a claim brought under the Voting Rights Act. Thornburg v. Gingles, 478 U.S. 30, 50 (1986); Zimmer v. McKeithen, 485 F.2d 1297, 1304-05 (5th Cir. 1973), aff'd sub nom. East Carroll Parish Sch. Bd. v. Marshall, 424 U.S. 636 (1976). Although Defendant has provided no response to Plaintiffs' motion, and has thus

implicitly agreed with Plaintiff's motion, the Court will nonetheless consider the merits of the motion.

Summary judgment is appropriate only where it is shown that no genuine dispute as to any material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

First, Plaintiffs assert that there remains no genuine issue of material fact as to whether African-Americans in Miami constitute a politically cohesive minority group, as required by prong two of the test enumerated in Gingles, 478 U.S. at 50. By failing to answer Plaintiffs' Request for Admissions, Defendant has admitted that: (1) the black community in the City of Miami is politically cohesive in its support of black candidates; (2) the hispanic community in the City of Miami is politically cohesive in its support of hispanic candidates; (3) a statistically significant number of black voters in the City of Miami vote for black candidates where one is available, such as to satisfy prong two of the test enumerated in Gingles; (4) the black community in the City of Miami is politically cohesive in its support

of black candidates, such as to satisfy prong two of the test enumerated in Gingles. (Plain. 4th Req. for Admiss. at 1-2). Given the admission by defendant that African-Americans in Miami are a politically cohesive group, the Court finds no disputed issue of material fact remain as to whether African-Americans are a politically cohesive minority group. Consequently, summary judgment on this issue is appropriate.

Plaintiffs also assert that no genuine issues of fact exist as to whether Plaintiffs have satisfied the "totality of the circumstances" test articulated in Zimmer, 485 F.2d at 1304-05. The Zimmer Court held that before finding that voting dilution had occurred, the Court should consider a number of factors, including: (1) whether the at-large voting scheme is rooted in discrimination; (2) whether the minority group can demonstrate a lack of access to the process of slating candidates; (3) the unresponsiveness of legislators to their particularized interests; (4) a tenuous state policy underlying the at-large districting; and (5) the existence of past discrimination precludes the effective participation in the election system. Id. at 1305. While the Court may consider any number of factors, "all these factors need not be proved in order to obtain relief." Id. By failing to answer the Request for Admissions, Defendant has admitted that Miami has a history of racial discrimination, that this discrimination affected African-Americans' ability to participate in the democratic process, that Miami has implemented voting techniques designed to

exclude African-Americans, and that African-Americans do not enjoy equal opportunity in the selection of representatives. The Court finds these factors sufficient to satisfy the "totality of the circumstances" test set forth in Zimmer, 485 F.2d 1304-05. See also Meek v. Metropolitan Dade County, 805 F. Supp. 967, 978-82 (S.D. Fla. 1992) aff'd in relevant part, 985 F.2d 1471 (11th Cir 1993) (finding that similar facts in Voting Rights Act case against Dade County satisfied "totality of the circumstances" test).

Accordingly, after a careful review of the record, and the Court being otherwise fully informed, it is

ORDERED and ADJUDGED that Plaintiff's Motion for Partial Summary Judgment be, and the same is hereby, GRANTED.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida, this 3rd day of November 1997.

JAMES LAWRENCE KING
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

cc: Donna M. Ballman, Esq.
    Charles Mays, Esq.