UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 96-3327-CIV-KING

PULSE (People United to Lead the
Struggle For Equality, Inc.), et al.,

    Plaintiffs,

v.                                                                                            **ORDER**

CITY OF MIAMI, et al.,

    Defendants.
_____/

THIS CAUSE is before this Court on Plaintiffs' Motions for Award of Fees and Costs and for Summary Judgment on the Issue of Lodestar and Costs. Hearings were held on these Matters on February 5, 1998 and April 9, 1998.

## BACKGROUND

Plaintiffs People United to Lead the Struggle for Equality ("PULSE") filed suit against the City of Miami pursuant to Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973. Plaintiffs challenged the form and election of the City Board of Commissioners claiming that Defendant's election system of the members of the City Commission weakened the minority vote and denied minority citizens a political choice. United States District Judge King granted summary judgment in favor of Plaintiffs on all but one issue. Prior to resolution of the remaining issue, the City voluntarily changed its elections system. Subsequently, Plaintiffs filed a Motion to Dismiss as Moot and a Motion for Determination of Entitlement to Attorneys' Fees and Costs. This Court granted both Motions and reserved jurisdiction to determine the amount of attorney's fees and costs to which

Plaintiff is entitled.

## DISCUSSION

I. **Attorney's Fees.**[1]

The United States Supreme Court set forth the framework for calculating an award of reasonable attorney's fees. The initial step in the computation is to establish the number of hours reasonably expended in the litigation. Blum v. Stenson, 465 U.S. 886 (1984). This figure is then multiplied by a reasonable hourly rate for counsel, which is generally deemed to be the prevailing market rate for the services rendered. Blum, 465 U.S. at 898. This calculation is referred to as the "lodestar" calculation and may be adjusted by the courts in consideration of other factors. Blanchard v. Bergeron, 489 U.S. 87 (1989). It is well established that although counsel are entitled to full compensation for their efforts, they are not always entitled to the amount of time actually expended but are only entitled to the amount of time reasonably expended. Spell v. McDaniel, 616 F.Supp. 1069, 1084 (E.D.N.C. 1985). Unnecessary or excessive hours must be excluded from the fee calculation. Id. The number of hours reasonably charged reflect such factors such as the novelty and complexity of the issues, as well as the experience of counsel. Blum, 465 U.S. at 898.

Plaintiff's counsel, Donna M. Ballman, seeks a $300 lodestar rate. Plaintiff cites case law within the Eleventh Circuit that supports this rate as the customary rate for attorneys in voting rights cases in Dade County and throughout Florida. Those cases granted such rates based on counsel's

---

[1] Plaintiffs requested that this Court grant partial summary judgment on the issue of lodestar and costs. Plaintiffs' request for summary judgment was based on the fact that Defendants did not respond to requests for admissions. This Court denied Plaintiffs' request on the record since Defendants failed to respond because the requests for admissions were due after the discovery cut-off date had passed.
   Plaintiffs' Motion to Strike the City's Response to the Motion for Award of Fees and Costs was also denied by this Court on the record.

prior experience. Although Ms. Ballman was lead counsel in this case, based on her lack of experience, case law and credible expert testimony, this Court finds a $300 lodestar rate unreasonable and instead reduces the amount to $250 an hour.

Additionally, a review of the record reveals that several of Ms. Ballman's entries are excessive. Ms. Ballman seeks fees for 661.40 hours of professional service. She billed 50 hours in connection with time spent on a Scheduling Report and Status Conference and alleges to have spent approximately 47 hours on a motion for summary judgment. Further, Ms. Ballman billed 120 hours for research, however, the only motion filed, with the exception of those regarding fees, was the previously mentioned motion for summary judgment. The record also reveals that Ms. Ballman performed certain duties which should have been delegated to a paralegal. Accordingly, this Court has eliminated or reduced some of her hours because they were clearly unreasonable. Ms. Ballman is entitled to fees for 374.65 hours of professional services rendered. At a lodestar rate of $250, the reasonable fees to which she is entitled are $93,662.50.

Plaintiffs' counsel Stephen M. Cody also requests a $300 lodestar rate for 44.40 hours of service. In 1992 and 1994, Mr. Cody served as lead counsel in similar voting rights cases and received a $300 hourly rate. Although Mr. Cody only served as co-counsel in this case, based on Mr. Cody's prior experience in similar litigation and case law, this Court finds that a $300 lodestar rate is reasonable. Accordingly, Mr. Cody is entitled to $13,320.00 as reasonable and necessary attorney's fees.

### A.   Enhancement

A fee award may be increased to compensate attorneys for the risk of accepting a case on a contingency basis and to attract competent counsel. Richardson v. Alabama State Bd. of Educ., 935

F.2d 1240, 1248 (11th Cir. 1991). However, the Supreme Court has made clear that "[b]efore adjusting for risk assumption, there should be evidence in the record . . . that without risk enhancement plaintiff would have faced substantial difficulties in finding counsel in the local or other relevant market." <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 483 U.S. 711, 730 (1987). Plaintiffs' counsel seek an enhancement of 100-300% of their fee award. They assert that absent the likelihood of fee enhancement Plaintiffs would have faced great difficulty in finding counsel. A review of the record reveals that this case generated media attention and was supported by the citizens of the City of Miami. Additionally, credible testimony supports this Court's finding that the case was not undesirable to prosecute. Therefore neither Ms. Ballman nor Mr. Cody are entitled to enhancement of fees.

### B. Paralegal Fees

Nathaniel Wilcox, Plaintiffs' paralegal, seeks an award of fees for 222.1 hours of paralegal work at a lodestar rate of $75 an hour. Plaintiffs' assert that the rate is reasonable and that the number of hours are accurate. In addition to working as Plaintiffs' paralegal, the record reflects that Mr. Wilcox was also the director of PULSE. A majority of his billing entries such as attendance at strategy meetings and settlement discussions do not fall within the traditional scope of paralegal work. Instead, Mr. Wilcox attended these meetings in his capacity as client and at such time performed no paralegal work. Although a $75 lodestar rate is reasonable, the Court has eliminated those billings in which Mr. Wilcox was in attendance strictly in his capacity as client and did not perform any paralegal work. Therefore, Mr. Wilcox is entitled to fees for 58.75 hours of service. Accordingly, he is entitled to reasonable and necessary fees in the amount of $4,406.25.

### C. Attorney's Fee Experts

Plaintiffs maintain that costs associated with attorney fee experts should be recovered as part of a fee award. Plaintiffs point out that in the State of Florida it is the custom and practice that attorney's fee experts be compensated for their time. This case comes before this Court, however, pursuant to the federal question statute and state law does not apply. See, e.g., Leroy v. City of Houston, 831 F.2d 576, 584 (5th Cir. 1987)(Voting Rights Act does not specifically allow recovery of expert witness fees). Therefore under the applicable federal law Plaintiffs are not entitled to recovery of fees sought by the attorney's fee experts.

### II. Costs.

Whether to tax costs is a matter left to the district court's discretion. Trammel Real Estate Corp. v. Trammel, 748 F.2d 1516 (11th Cir. 1984). The costs to which a party may be entitled are set forth in 28 U.S.C. § 1920.[2] If a cost is not listed within the statute, the court should exercise its discretion sparingly in taxing such costs. Endress + Hauser, Inc. v. Hawk Measurements Systems Pty., 922 F.Supp. 158 (S.D. Ind. 1996). See also Hyodge v. Seiler, 558 F.2d 284 (5th Cir. 1997)(binding on the 11th Circuit as precedent)(holding that the preferred exercise of discretion is

---

[2] 28 U.S.C. § 1920 provides:

> A judge or a clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursement for fees and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

to exclude from an award of costs those items not specifically mentioned in the statute).

Plaintiffs request that this Court award $744.15 in costs. Defendants do not contest any of the costs and all of the costs requested are allowable under 28 U.S.C. § 1920. Therefore $744.15 in costs are recoverable.

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that Plaintiffs are hereby awarded fees as follows:

| | |
|---|---|
| Donna M. Ballman | $ 93,662.50 |
| Stephen M. Cody | $ 13,320.00 |
| Nathaniel Wilcox | $ 4,406.25 |

for a total fee award of $111,388.75. In addition, Plaintiffs are awarded reasonable and necessary costs in the amount of $744.15. Interest shall accrue on this judgment pursuant to 28 U.S.C. § 1961. Also, in accordance with this Court's rulings on the record Plaintiffs' Motion to Strike the City's Response to the Motion for Award of Fees and Costs is DENIED and Plaintiffs' Motion for Summary Judgment on the Issue of Lodestar and Costs is DENIED. In light of this Order, Plaintiffs' Motion for Award of Interim Fees and Costs is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 29th day of June, 1998.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies supplied to
District Judge King
Counsel of record